IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,159-02






EX PARTE JIMMY LINK GREENWAY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07814 IN THE 90TH JUDICIAL DISTRICT COURT


FROM YOUNG COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to life imprisonment. The Second Court of Appeals affirmed his
conviction. Greenway v. State, No. 02-00578-CR (Tex. App.-Dallas, delivered December 9, 1999). 
 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by failing
to request a jury instruction for the lesser included offense of indecency with a child, failing to object
to the jury seeing Applicant in jail clothing and handcuffs before and during trial, failing to properly
exercise peremptory strikes on the jury panel, failing to properly offer evidence into the trial record,
and failing to call a witness that would have been helpful to the defense. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings as to whether counsel requested a lesser included offense instruction
and if not, counsel's reasons for failing to do so. The trial court shall make findings as to whether
counsel failed to object when the jury viewed Applicant in jail clothing and handcuffs before and
during trial. The trial court shall make findings as to whether or not counsel was deficient in his use
of peremptory strikes on the jury panel. The trial court shall make findings as to whether counsel
failed to enter evidence, specifically photographs of the house on Grove Street, into the trial record
and whether that failure prejudiced Applicant. The trial court shall make findings as to whether
counsel was ineffective for failing to call a witness, specifically Mr. J.W. Simpson, for the defense
and if so, whether that failure prejudiced the defense. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 22, 2006

Do not publish